**FILED**

MAR 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GASTON WILKES,<br><br>Plaintiff,<br><br>v.<br><br>RICHMOND POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. C 08-0051 MJJ (PR)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants, the Richmond Police Department and its employees, officials of the City of Richmond, and the Contra Costa County Public Defender's Office and its employees, violated his constitutional rights in connection with his arrest, trial and state court conviction that led to his present incarceration. He seeks money damages.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See

G:\PRO-SE\MJJ\CR.08\wilkes.hck.wpd

id. § 1915A(b)(1), (2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff alleging a violation of § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). A civil claim based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>See id.</u> at 487. Plaintiff claims that defendants have destroyed exculpatory evidence, have failed to adhere to various state procedural rules for criminal prosecutions, and have provided plaintiff with ineffective assistance of counsel. Plaintiff alleges that these violations of state and federal law led to his arrest, conviction and present incarceration. If proven true, plaintiff's claims would call into question the validity of his state court conviction. Accordingly, this action is barred until plaintiff's conviction has been reversed, expunged, set aside or otherwise called into question.

For the foregoing reasons, this action is hereby DISMISSED without prejudice. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 3/31/2008

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID G. WILKES,

        Plaintiff,

v.

RICHMOND POLICE COMMISSION et al,

        Defendant.

Case Number: CV08-00051 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Gaston Wilkes T-23206
Vacaville Medical Facility
Prisoner Id T-23206
P.O. Box 2000
Vacaville, CA 95696

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk